IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

| | |
|---|---|
| TERESA BLOODMAN, | ) |
| Plaintiff, | ) |
| | ) CASE NO. 4:18-CV-00282-KGB |
| | ) |
| vs. | ) |
| | ) |
| ARKANSAS SUPREME COURT | ) |
| COMMITTEE ON PROFESSIONAL | ) |
| CONDUCT, et al, | ) |
| Defendants | ) |

_____

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE SUMMONS AND COMPLAINT ON DEFENDANTS AND MEMORANDUM IN SUPPORT THEREOF

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff does hereby move this Court for entry of an Order extending the time to serve summons and complaint on defendants for an additional sixty (60) days and states:

1. On April 30, 2018, Plaintiff filed a Complaint in this matter. (Dkt. No. 1).

2. Plaintiff's time to serve the summons and complaint has not yet expired.

3. Beginning May 11, 2018, Plaintiff has made repeated diligent efforts to serve defendants.

4. On May 11, 2018, a process server served the defendant Ligon at his residence. (Dkt. No. 6).

5.  On May 13, 2018, a process server served the defendant Walker at her residence.   (Dkt. No. 10).

6.  That defendant Wood was served.

7.  That Plaintiff attempted service via United States Postal Service by certified mail restricted delivery.  Several defendants had persons other than themselves sign for the summons and complaint – "agents".

8.  The defendants have not formally waived service.

9.  In June 2018, a process server attempted to personally serve the defendant supreme court justices at the Supreme Court, but was denied access to the judge's chambers by the building police at the front entrance. Personal service on defendants was unexecuted.  (Dkt. No. 13-18)

10.  On June 2018, personal service on defendant Kemp was unexecuted. The process server attempted service on defendant Kemp at a home addresses listed on the internet.  (Dkt. No. 17)

11.  The Plaintiff was recently informed by a deputy clerk at the Arkansas Supreme Court that the court is on break until after Labor Day.  Thus, any additional attempts to serve them at work would definitely be unfruitful until mid September.

12.  That Plaintiff has made diligent efforts to serve the defendants but

has not been able to serve all defendants with the summons and complaint.  This is 'good cause" for an extension.

13.  That the Plaintiff is not making this motion for the purpose of delay, but is in the best interest of justice.

14.   Plaintiff has made an effort to confer with defendants' counsel in this action prior to filing this motion but has been unable to do so.

15.  Plaintiff requests an extension of sixty (60) days in which to serve defendants.

**ARGUMENT**

## THERE IS GOOD CAUSE TO EXTEND THE DEADLINE FOR SERVICE DUE TO THE DEFENDANT'S DILIGENT BUT UNSUCCESSFUL EFFORTS AT SERVICE

Rule 4(m) specifies that a court "must extend the time for service for an appropriate period" where the plaintiff can show good cause for its inability to serve a defendant within 90 days.  Good cause exists "when some outside factor . . . rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281-82 (11th Cir. 2007). Courts have held that "outside factor[s]" consist of events outside of the plaintiff's control, including a "natural catastrophe or evasion of service of process." *Pridemore v. Regis Corp.*, No. 10-605-J-99, 2011 WL 9120, at *2 (M.D. Fla. Jan. 3, 2011); accord *Boston v. Potter*, 185 Fed. Appx. 853, 854 (11th Cir. 2006).

3

Here, the Plaintiff and the process server have engaged in prompt, diligent, and sustained efforts to serve defendants, and only factors outside of the Plaintiff's control have prevented service. The Plaintiff began its efforts to serve defendants on the same day the Court issued the summons. One defendant was served. (Dkt. No. 11)  The next day, the process server attempted to serve the justices at the Arkansas Supreme Court - their known work addresses, but was denied access to the justices' chambers by the front desk court police.  Two days late, the server successfully served another defendant. (Dkt. No. 10)

Next the process server specifically called each of the justices' chambers and left messages for each to call him in order to arrange a specific time that he would be able to serve a summons and complaint on each.  No telephone calls have been returned.   (Docket No. 12-18)   Following,  the process  server  unsuccessfully attempted to serve the defendant – justices by waiting outside the supreme court building, in hopes to see them entering or exiting the building. Then, the process server unsuccessfully attempted to serve the defendant- justice Kemp at a home addresses which the process server found listed on the Internet.  The man who answered the door identified himself as Kemp, but not the supreme court judge.

All told, the process server diligently made four in-person attempts to serve the summons and complaint to defendant -justices at two different addresses where there was reason to believe the defendants may be located. Id.

4

After those attempts were unsuccessful, the Plaintiff continued to work with the process server throughout the 90-day period and provided information to assist with the investigation to locate defendants.   Moreover, efforts also included attempts to locate and arrange for service by telephone. (Dkt. No 12-18).   Further, Plaintiff attempted service via USPS certified mail, restricted delivery. Supra 6-7.

The Plaintiff's diligent efforts to serve defendants have been thwarted so far by an apparent evasion of service. All defendants are almost certainly aware of this lawsuit. The defendant's administrative rules and procedures implemented and enforced against Plaintiff - which are in violation of the United States Constitution - resulted in the filing of this suit, started in 2016.

In 2015, the presumptive time for serving a defendant was reduced from 120 days to 90 days. Fed. R. Civ. P. 4(m), advisory committee's note (2015 amendment). The advisory committee noted that "[s]hortening the presumptive time for service will increase the frequency of occasions to extend the time." Id. As is the case here, the plaintiff noted that more time would be appropriate when "a defendant is difficult to serve." Id.

Once filed, this lawsuit was publicized in the national and local news media. Nevertheless, defendants have failed to respond to the process server's repeated and varied attempts to contact. The plaintiff's prompt and diligent efforts to serve defendants along with the difficulty in serving them establishes good cause.

Further, on May 29, 2018, William C. Bird, entered his appearance on behalf of all defendants this matter.  The defendants-by and through their counsel, filed a pleading in this matter, thus establishing that defendants were all aware of the pending lawsuit in which they are named defendants.  Although requested, Mr. Bird has not filed a Waiver of Service on behalf of the defendants.

## CONCLUSION

For the foregoing reasons, the Court should grant the Plaintiff's motion to extend time for service of the summons and complaint for an additional sixty (60) days or until September 28, 2018, in which to serve the summons and complaint on all defendants and for all other proper and just relief.

Respectfully submitted,


/s/Teresa Bloodman, #2005055
*Pro Se*
P.O. Box 13641
Maumelle, AR  72113
(870) 550-1940 Direct
teresabloodman@yahoo.com

<u>CERTIFICATE OF SERVICE</u>

I, Teresa Bloodman, pro se, hereby certify that I have electronically filed a correct copy of the foregoing with the District Court Clerk on this 27th day of July 2018 using the CM/ECF system.  Copies will be electronically served using CM/ECF system notification on participants:

Mr. William Byrd
AR Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR  72201
501-682-1317
william.bird@arkansasAG.gov

/s/Teresa Bloodman