IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

| | |
|---|---|
| TERESA BLOODMAN, | ) |
|     Plaintiff, | ) |
| | ) CASE NO. 4:18-CV-00282-KGB |
| | ) |
|   vs. | ) |
| | ) |
| ARKANSAS SUPREME COURT | ) |
| COMMITTEE ON PROFESSIONAL | ) |
| CONDUCT, et al, | ) |
|     Defendants | ) |

**PLAINTIFF'S AMENDED MOTION FOR EXTENSION OFTIME TO SERVE SUMMONS AND COMPLAINT ON DEFENDANTS AND MEMORANDUM IN SUPPORT THEREOF**

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff does hereby move this Court for entry of an Order extending the time to serve summons and complaint on defendants for an additional twenty (20) days and states:

    1. On April 30, 2018, Plaintiff filed a Complaint in this matter. (Dkt. No. 1).

    2. On July 27, 2018 and September 27, 2018, respectively, Plaintiff filed motions for extension to serve Summons and Complaint.  (Dkt. No. 36, 39).

    3. On October 1, 2018, this honorable Court entered an Order granting the motions (Dkt. No. 40).

    4. Plaintiff's extension of time to serve the summons and complaint has not

yet expired.

5.   Since the filing of the motion for extension, Plaintiff has made diligent efforts to serve the defendants but has not been able to serve all defendants with the summons and complaint.  This is 'good cause" for an extension.

6. Since the entry of the order granting extension of time to serve summons and complaint on defendants, on October 4, 2018  -  October 24, 2018, based on information communicated by the assistants of the defendant judges, -  the process server, contacted each defendant judge's chambers by telephone  to set an appointment for service.  The judge's assistants advised that the judges were not available, and that no appointment could be set and have refused to return the server's telephone calls.

7. Likewise, on September 22, 2018, Plaintiff, again utilized United States Postal Service ("USPS") for service via certified - restricted mail on defendants K. Smith and Boyd.

8.  On September 24, 2018, a person other than defendant Boyd – the named restricted addressee - signed for the restricted delivery.  After contacting the USPS Magnolia, AR station branch manager, Connie Thompson, and several conversations, requiring delivery of the restricted mail to the named addressee, and signature of address on the restricted green card, same was signed by Boyd on October 22, 2018.

9. On September 24, 2018, a person other than defendant K. Smith – the named restricted addressee - signed for the restricted delivery. It was reported there is no authorized agent restricted mail signature form on file at the USPS from defendant Smith. After contacting the USPS Fayetteville, AR station branch manager, Mr. Charles, and branch supervisor, Brian, and holding several conversations, requiring delivery of the restricted mail to the named addressee, however, to date, same has not been secured or signed by Smith. A letter containing a green card and a self addressed envelope has been sent to from USPS to defendant Smith for his signature – yet, with no response from K. Smith. (Exhibit 1) It is anticipated that defendant K. Smith will respond by November 2, 2018.

10. On October 13, 2018, Plaintiff, again utilized USPS for service via certified - restricted mail on defendant Goodson, Baker, Hart and Womack. On October 16, 2018, defendant Hart signed for restricted mail.

11. On October 15, 2018, Plaintiff, again utilized USPS for service via certified - restricted mail on defendants Dunham, Martin, T. Benton Smith, , and Wynne. On October 17, 2018, a person other than defendant Dunham – the named restricted addressee - signed for the restricted delivery. It was reported there is no authorized agent restricted mail signature form on file at the USPS from defendant Dunham at the physical address listed on the green card. After contacting the

USPS Russellville, AR, branch supervisor, Mr. Wesley Fultz, and holding several conversations, requiring delivery of the restricted mail to the named addressee, the branch supervisor indicated he had an authorized signature form on file for defendant Dunham's post office box. (Exhibit 2, 3) Clearly, a post office box address is distinguishable from a restricted delivery to a named addressee at a physical street address.  On October 25, 2018, a person other than defendant Martin– the named restricted addressee - signed for the restricted delivery. (Exhibit 4) It was reported there is no authorized agent restricted mail signature form on file at the USPS from defendant Martin.  Defendant Smith has not signed for the restricted delivery mail.

    12.  On October 16, 2018, Plaintiff, again utilized USPS for service via certified - restricted mail on defendants Patrick and Ballard.  To date, defendant Patrick has not signed for her restricted delivery mail. Further, the USPS indicates the mail for defendant Ballard will arrive late. (Exhibit 5)

    13.  On October 18, 2018, Plaintiff, again utilized USPS for service via certified - restricted mail on defendant Jones, which was signed by Jones on October 22, 2018.

    14.  On October 20, 2018, defendant Wynne refused service of the summons and complaint.  (Exhibit 6)

15. On October 24, 2018, Plaintiff went to the USPS, Little Rock, AR and spoke with the Roy Gray, station branch supervisor regarding service of the restricted mail to be delivered to defendants Goodson, Baker and Womack.

16. Mr. Roy Gray, advised that he would have the letter carrier return to 625 Marshall Street, Little Rock, AR on the next day to secure the restricted addressee's signatures , i.e., Goodson, Baker and Whitaker .

17. On October 25, 2018, Plaintiff returned to the USPS, Little Rock station where Mr. Gray provided a restricted delivery green card containing defendant Goodson's signature.

18. Further, Mr. Gray indicated that defendants Baker and Womack's assistants advised the defendants were out of the office until November 1, 2018, and they would sign the restricted delivery green cards upon return to their offices.

19. Mr. Gray reported the assistant for defendant Baker provided the USPS mail carrier with a duplicated letters stating, "Please accept this letter as my signed consent for Paige Rystrom to receive mail on my behalf." (Exhibit 7)  It was reported there was no authorized agent restricted mail signature form on file at the USPS from defendant Baker at the time the restricted delivery mail was sent to defendant Baker or signed by Rystrom.

20. Mr. Gray reported the assistant for defendant Womack provided the USPS mail carrier with a duplicated letters stating, "Please accept this letter as my

signed consent for Gary. O. Quinney to receive mail on my behalf." (Exhibit 8)  It was reported there was no authorized agent restricted mail signature form on file at the USPS from defendant Womack at the time the restricted delivery mail was sent to the defendant or signed by Quinney.

21.  Mr. Gray reported, defendant Goodson provided the USPS mail carrier with a duplicated letters stating, "Please accept this letter as my signed consent for Nicole Locke to receive mail on my behalf." (Exhibit 9)  It was reported there was no authorized agent restricted mail signature form on file at the USPS from defendant Goodson at the time the restricted delivery mail was sent to the defendant or signed by Locke.

22.  More time is appropriate because the defendants are difficult to serve. This is "good-cause" to grant the extension.

23.  The plaintiff is not making this motion for the purpose of delay, but in the best interest of justice.

24.   The plaintiff has previously made effort to confer with defendants' counsel in this action prior to filing but has been unable to do so.  A request has also been made to the defendants' counsel to waive service on defendants, however, no response has been received and no signed waiver forms have been filed.   The defendants or their counsel should sign the waiver of service to resolve this matter.

25.  Plaintiff requests an extension of twenty (20) days in which to serve

defendants.

## ARGUMENT

### THERE IS GOOD CAUSE TO EXTEND THE DEADLINE FOR SERVICE DUE TO THE DEFENDANT'S DILIGENT BUT UNSUCCESSFUL EFFORTS AT SERVICE

Rule 4(m) specifies that a court "must extend the time for service for an appropriate period" where the plaintiff can show good cause for its inability to serve a defendant within 90 days. Good cause exists "when some outside factor . . . rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281-82 (11th Cir. 2007). Courts have held that "outside factor[s]" consist of events outside of the plaintiff's control, including a "natural catastrophe or evasion of service of process." *Pridemore v. Regis Corp.*, No. 10-605-J-99, 2011 WL 9120, at *2 (M.D. Fla. Jan. 3, 2011); accord *Boston v. Potter*, 185 Fed. Appx. 853, 854 (11th Cir. 2006).

Here, the Plaintiff and the process server have engaged in prompt, diligent, and sustained efforts to serve defendants, and only factors outside of the Plaintiff's control have prevented service. The process server vigilantly attempted to serve the justices at the Arkansas Supreme Court - their known work addresses, but has been consistently denied access to the justices' chambers by the front desk court police.

Next the process server specifically called each of the justices' chambers weekly and left messages for each to call him in order to arrange a specific time that he would be able to serve a summons and complaint on each. Only one telephone calls was returned. (Doc. No 36, 39) All told, since the filing of the first and second motion for extension to serve the summons and complaint, the process server diligently made in-person attempts and telephone calls to schedule appointments to serve the summons and complaint on defendants and the summons and complaint were sent to each named defendant via certified mail-restricted delivery.

The process server has diligently attempted service numerous times and ways throughout the last 60-days. Moreover, efforts also included attempts by telephone to locate and arrange for service. The Plaintiff's diligent efforts to serve defendants have been thwarted so far by an apparent evasion of service.

In 2015, the presumptive time for serving a defendant was reduced from 120 days to 90 days. Fed. R. Civ. P. 4(m), advisory committee's note (2015 amendment). The advisory committee noted that "[s]hortening the presumptive time for service will increase the frequency of occasions to extend the time." Id. As is the case here, the plaintiff noted that more time would be appropriate when "a defendant is difficult to serve." Id.

Nevertheless, defendants have failed to respond to the process server's repeated and varied attempts to contact for the specific purpose of service. The plaintiff's prompt and diligent efforts to serve defendants along with the difficulty in serving them establish good cause for extension. Further, the defendants have made themselves unavailable to service and have not signed a waiver of service. More, defendant Wynne has refused service. (Exhibit 6) Although requested, Mr. Bird has not filed a Waiver of Service on behalf of the defendants. By the defendants' avoidance or unavailability or refusal of service, Plaintiff is incurring additional unnecessary fees attempting to serve the defendants with the summons and complaint.

## CONCLUSION

For the foregoing reasons, the Court should grant the Plaintiff's motion to extend time for service of the summons and complaint for an additional twenty (20) days or until November 17, 2018, in which to serve the summons and complaint on all defendants, require the defendants file a waiver of service, and for all other proper and just relief.

          Respectfully submitted,

          /s/Teresa Bloodman, #2005055
          *Pro Se*
          P.O. Box 13641
          Maumelle, AR 72113
          (870) 550-1940 Direct
          teresabloodman@yahoo.com

CERTIFICATE OF SERVICE

    I, Teresa Bloodman, pro se, hereby certify that I have electronically filed a correct copy of the foregoing with the District Court Clerk on this 28th day of October 2018 using the CM/ECF system. Copies will be electronically served using CM/ECF system notification on participants:

Mr. William Byrd
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
501-682-1317
william.bird@arkansasAG.gov

          /s/Teresa Bloodman